UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NEW YORK COALITION TO
SAVE THE STEAM SHIP
UNITED STATES, INC.

   Plaintiff,

vs.                                     Case No. 3:25-cv-00212-MCR-HTC

OKALOOSA COUNTY, FLORIDA

   Defendant.
_____/

### REPORT OF PARTIES' PLANNING MEETING (FORM 52)

In accordance with Rule 26(f), Fed. R. Civ. P., and the Initial Scheduling Order issued by this Court [**Doc. 9**], counsel for all parties conferenced on April 14, 2025, by telephone. The Parties provide the following information required by the Initial Scheduling Order and state as follows:

**1.** **The Parties conferred through their counsel, identified as follows:**

For Plaintiff:     James M. Maloney, Esq.

For Defendant:   Elmer C. Ignacio, Esq.
                           Nabors, Giblin & Nickerson

**2.** **Initial Disclosures:** The parties will exchange the information required by Rule 26(a)(1) on or before: **May 9, 2025**

**3.** **Discovery Plan:** The parties proposed to the Court the following discovery plan:

A. Discovery will be needed on all factual matters related to Plaintiff's claims against Defendant as alleged in the Amended Complaint, whether related to liability or damages, as well as any defenses asserted by Defendant in its forthcoming Answer and Affirmative Defenses.

B. All discovery commenced in time to be completed by **September 8, 2025**, as set out in the Initial Scheduling Order, **[Doc. 9].**

C. Interrogatories, requests for admissions, requests for production and depositions will be pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

The parties agree to the presumptive limitation on the number of depositions of 10 per side as set forth in Rule 30(a)(2)(i). In the event more than 10 depositions are required, the parties will confer to determine whether agreement can be reached on whether additional depositions are necessary. If agreement is not reached, the party seeking to exceed the presumptive limitation will move the Court to allow the requesting party additional depositions for good cause shown.

D. Reports from retained experts under Rule 26(a)(2) are due from Plaintiff no later than: **June 24, 2025**

E. Reports from retained experts under Rule 26(a)(2) are due from Defendant no later than: **July 24, 2025**

F. Rebuttal reports shall be due no later than **August 25, 2025.**

G. Supplements are due within a reasonable time after discovering the need to supplement and in accordance with Rule 26(e).

F. Disclosure or discovery of electronically stored information:

Each party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business. At this time the parties do not anticipate the production of electronic data not reasonably available to the parties in the ordinary course of business.

>Where possible, electronic data will be produced in a uniform format such as PDF. Upon specific request, electronic data must be produced in both PDF and in the form as it is kept I the ordinary course of business with the understanding that certain specific software may be required to open and view such data and that the producing party has no obligation to provide the requestor with such software. Electronic data will be produced via email, a mutually-accepted file hosting or file sharing service, by delivery of a data storage device or made available for copying or inspection at a time and place mutually agreeable to the parties.
>
>The Parties agree to take reasonable measures to preserve potentially discoverable data from alteration or destruction.

    G.    Inadvertent disclosure:

>Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privilege nor result in a subject matter waiver of any kind.
>
>A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request (1) immediately return all inadvertently produced information; and (2) destroy all copies or versions of the information.
>
>Additionally, the parties agree to discuss whether a motion under Fed. R. Evid. 502 is necessary. The disclosing party reserves the right to seek a motion under Rule 502 if necessary.

**4.** **Other Items:**

    A.    The Parties do not request a conference with the Court before entry of a Scheduling Order.

    B.    The Parties have conferred on the issue of magistrate jurisdiction.

    C.    The Parties request that the Court set a date for hearing dispositive motions for summary judgment prior to the pre-trial conference. By requesting this date, the Parties do not suggest that a hearing will be

necessary. Rather, the Parties seek only to conserve resources by not engaging in extensive trial preparations for claims which might ultimately be dismissed, or heavily modified, before trial.

D. The Parties request a pre-trial conference at the Court's discretion after ruling on dispositive motions for summary judgment.

E. The Parties request the final date to amend the pleadings or join additional parties be: **June 24, 2025**

F. The Parties request that the final date for dispositive motions including motions for summary judgment and *Daubert* motions be **September 29, 2025** (twenty-one (21) days after the close of discovery on September 8, 2025.).

G. The parties do not believe mediation would assist in the settlement of this matter. However, the parties will keep lines of communication open for any possibility of settlement.

H. The Parties understand that the final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists will be set by the Court at a later time after the completion of discovery.

I. Trial of the case is expected to take approximately 2 days, and the parties at this time believe the **case will be ready for trial by December 8, 2025,** which is nine months after this case was filed. *See* [**Doc. 9** at p. 5 (Court requiring an explanation if the parties' approximate being ready for trial beyond eight months of when the case was filed)]. The parties make this approximation of when they will be ready for trial based, in part, on Defendant having a jury trial set in an unrelated state court case on November 3, 2025.

J. The parties agree that, in addition to the methods prescribed in Federal Rule of Civil Procedure 5, service of any future pleading or paper may be accomplished by electronic mail delivery to all persons registered with CM/ECF in this action. This provision shall constitute each party's consent in writing for delivery by any other means, as provided by Federal Rule of Civil Procedure 5(b)(2)(F).

5. **Nature and basis of the claims and defenses:**

   A. **Plaintiff:** Plaintiff's claims in this action, which seeks only equitable relief and not damages, arise in the context of the unique circumstances present here: (1) the People of the United States have a federal sovereign interest in the future of the vessel; (2) the rapidity of the events leading to the decision to sink the vessel after she had remained afloat for decades requires that such sovereign interest not be irrevocably defeated without ample review beforehand by the political branches of the federal government, especially given that the executive branch has been given express authority by Congress to take the vessel for public use; (3) the dismantling of the vessel without prior review by appropriate federal agencies should be prevented; (4) Plaintiff and its members have a relationship to the vessel that gives rise to a potential injury-in-fact and therefore standing; and (5) additionally, various doctrines arising under law and/or equity permit Plaintiff to seek the equitable relief sought herein on behalf of the sovereign until the sovereign appears in the action.

   B. **Defendant:** As an initial matter, Plaintiff lacks standing to bring this case, primarily because Plaintiff has not and cannot assert any injury in fact, which is required to demonstrate the requisite standing. Plaintiff also has not and cannot state a claim for which relief can be granted. Plaintiff also has no private right of action to seek relief under either common law or equity; Public Laws 92-296 and 94-536; the National Historic Preservation Act of 1966 ("NHPA") and any rules and regulations related to the NHPA; and/or the Ocean Dumping Act.

   Defendant also denies that the People of the United States have an actionable sovereign interest in the future of the SS United States; denies that Plaintiff is entitled to any review of any alleged sovereign interest by any political branch of the federal government; denies the Executive Branch has given authority for Congress to take the vessel for public use; denies Plaintiff is entitled to and/or has any cause of action to compel any review by any federal agency before dismantling of the SS United States; denies Plaintiff and its members have any relationship to the vessel giving rise to any injury in fact and/or standing; and denies any doctrine arising under any law and/or equity

permit Plaintiff to seek the equitable relief on behalf of the sovereign until the sovereign appears in the action.

C. **Factual & Legal issues in dispute:**

1. Whether Plaintiff has standing to bring a claim to delay Defendant from removing the twin stacks, as well as other parts of SS United superstructure.
2. Whether Plaintiff has standing to seek an Order from the Court requiring Defendant to obtain a permit under the MPRSA and/or Ocean Dumping Act before Defendant removes the twin stacks and superstructure of the SS United States.
3. Whether Plaintiff has stated a claim upon which relief can be granted.
4. All other issues raised in Plaintiff's Amended Complaint and/or Defendant's forthcoming Motion to Dismiss and Answer and Affirmative Defenses.

Respectfully submitted, this 25th day of April 2025.

/s/ *James M. Maloney*
JAMES M. MALONEY
Attorney for Plaintiff
Law Office of James M. Maloney
33 Bayview Avenue
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

**COUNSEL FOR PLAINTIFF**

/s/ *Elmer C. Ignacio*
ELMER C. IGNACIO
Florida Bar No. 537683
/s/ *Matthew R. Shaud*
MATTHEW R. SHAUD
Florida Bar No. 122252
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 (Facsimile)
eignacio@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the U.S. District Court, Northern District of Florida, via the CM/ECF system, which will also serve a copy to all counsel of record, on this 25th day of April 2025.

/s/ *Elmer C. Ignacio*
**ATTORNEY**